LIFE ADVOCATES, INC.; Helen L. Gordon, in her individual capacity and in her official capacity as Vice President of Life Advocates, Inc.; and Meredith E. Hunt, in his official capacity as President and Director of Life Advocates, Inc., Plaintiffs,

v.

CITY OF ASHEVILLE; City of Asheville Police Department; Will Annarino, in his official capacity as Chief of Police for the City of Asheville Police Department; Darrell Fisher, in his official capacity as Sergeant for the City of Asheville Police Department; Leona Hamilton, in her official capacity as a police officer for the Asheville Police Department; John Long, in his official capacity as a police officer for the Asheville Police Department; and Boyd McCaskill, in his official capacity as a police officer for the City of Asheville Police Department, Defendants.

No. Civ. 1:00CV87.

United States District Court, W.D. North Carolina.

Nov. 3, 2000.

Thomas D. Roberts, Asheville, NC, Frederick H. Nelson, Nicole C. Myers, American Liberties Institute, Orlando, FL, for plaintiffs.

## *ORDER*

THORNBURG, District Judge.

**THIS MATTER** is before the Court on the Plaintiffs' motion pursuant to Federal Rule of Civil Procedure 59(e) to amend the Judgment entered October 5, 2000, which dismissed this action. Defendants have responded.

Plaintiffs claim the decision to dismiss the action was based on factual errors and a misunderstanding of their position. Their cause of action, according to the Plaintiffs, stems from the arresting officers' purported ignorance that Asheville's noise ordinance had been amended and the City's failure to so instruct their officers. Plaintiffs do not dispute that there was no prosecution under an invalid ordinance; their claim is limited to the act of issuing the citations.

 Relief under Rule 59(e) is available in limited situations "(1) to accommodate [ ] intervening change[s] in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pacific Ins. Co.*

*v. American Nat'l Fire Ins. Co.,* 148 F.3d 396, 402–03 (4th Cir.1998), *cert. denied,* 525 U.S. 1104, 119 S.Ct. 869, 142 L.Ed.2d 771 (1999). Rule 59(e) may not be used to relitigate old matters or to raise arguments that could have been raised prior to entry of the judgment from which relief is sought. *Id.* Moreover, it is not available to finish presenting one's case which is precisely what the Plaintiffs seek to do. *Id.*

Plaintiffs' complaint sought the following relief. (1) a declaratory judgment that the noise ordinance is unconstitutionally vague, prohibits the exercise of free speech and violates the First, Fourth, Fifth and Fourteenth Amendments; (2) prospective injunctive relief against its enforcement or threatened enforcement and against "attempting to allow the Ordinance to be unlawfully enforced against Plaintiffs;" (3) compensatory damages for the violations specified in the complaint; and (4) attorneys' fees and costs. In support of these requests for relief, Plaintiffs acknowledged that no one involved in this matter was prosecuted under an unconstitutional ordinance. They now claim, however, that the Defendants "applied the pre–1994 version against Plaintiffs not because they made a mistake, but because they failed to train their officers properly. Defendants' enforcement of the pre–1994 Ordinance was not a mere 'mistake' on behalf of the Defendants." Plaintiffs' Memorandum of Law Supporting Plaintiffs' Motion to Amend the Judgment, filed October 17, 2000, at 5.

As previously noted by this Court, Plaintiffs acknowledged, in response to the Defendants' motion, that:

> Plaintiffs no longer have any claims against the current Ordinance.... In Plaintiffs' Complaint, Plaintiffs were challenging, *inter alia,* the constitutionality on vagueness and over [ ] breadth grounds of the "unnecessary noise in the city" language. This language was found in the published version of Defendants' Ordinance which was not the latest adoption of the noise ordinance.... *Plaintiffs, therefore, are not now challenging the current prosecution under the old version of the ordinance or even the current ordinance but the future enforcement and prosecu-*

*tion under the old version of Defendants' ordinance. Further, Plaintiffs are merely seeking declaratory judgment that Defendants can[ ]not cite and arrest its citizens under a noise ordinance that does not now exist.*

Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss, filed July 22, 2000, at 8–9 (emphasis added). On July 26, 2000, Plaintiffs filed a Supplemental Memorandum of Law in Opposition to the motion to dismiss which contained the following additional admissions of counsel:

> Plaintiffs are not challenging the current noise ordinance or the pre–1994 version of Defendants' noise ordinance **on its face** because it is no longer in existence.... *Plaintiffs in no uncertain terms have abandoned their claims that Defendants' pre–1994 noise ordinance has been unconstitutionally applied. Plaintiffs, therefore, respectfully request this Court to grant Declaratory Judgment and Injunctive Relief against the future enforcement of the now non-existent pre–1994 noise ordinance.*

*Id.,* at 3–4 (emphasis added).

 According to Plaintiffs' counsel, the Court misunderstood the meaning of these assertions and claim, despite the above language, that they "**have not** abandoned their claims to the unconstitutional *application* of Defendants' pre–1994 Ordinance § 10–81 to Plaintiffs and Plaintiffs' representative Bob Wallin." Plaintiffs' Memorandum of Law Supporting Plaintiffs' Motion to Amend the Judgment, at 4 (emphasis in original). The position taken now, in support of the motion to amend, is inconsistent with that taken prior to entry of the Judgment. Previously, Plaintiffs stated there was no allegation that an unconstitutional application of the pre–1994 ordinance had occurred.[1] Now, however, they claim that is precisely what happened. This is nothing short of an attempt "to finish the presentation of their case." *Pacific Ins., supra.*

It has been established by a long line of cases that a party seeking to invoke a federal court's jurisdiction must demonstrate three things: (1) injury in fact, by

---

1. Indeed, Plaintiffs cannot make such an argument because the citations were amended prior to trial to reflect the language of the amended 1994 ordinance.

which we mean an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical, (2) a causal relationship between the injury and the challenged conduct, by which we mean that the injury fairly can be traced to the challenged action of the defendant, and has not resulted from the independent action of some third party not before the court, and (3) a likelihood that the injury will be redressed by a favorable decision, by which we mean that the prospect of obtaining relief from the injury as a result of a favorable ruling is not too speculative. These elements are the irreducible minimum required by the Constitution.

*Northeastern Florida Chapter of the Assoc. Gen. Contractors of America v. City of Jacksonville, Florida,* 508 U.S. 656, 663–64, 113 S.Ct. 2297, 124 L.Ed.2d 586 (1993) (citations omitted). Plaintiffs have not suffered any injury. Although the citation issued at the time of arrest contained the wrong language of the Ordinance, the citations were amended prior to trial. Plaintiffs were tried for a violation of the 1994 Ordinance, not the pre-1994 ordinance. *Davis v. Scherer,* 468 U.S. 183, 189 n. 7, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984) ("As the [repealed] state statute was never applied to appellee, he lacks standing to question its constitutionality."). The action which the Plaintiffs challenge, the language contained in the pre-1994 ordinance, is not the cause of their alleged injury because they were tried under the language of the amended ordinance.[2] *Marshall v. Meadows,* 105 F.3d 904 (4th Cir.1997) (Plaintiffs' injury cannot be traced to the challenged action; thus, there is no standing.); *accord, Ward v. Walsh,* 1 F.3d 873, 881 (9th Cir.1993) (Plaintiff can show no injury which would be redressed by the relief he seeks; thus, he has no standing.); *Carrelli v. Ginsburg,* 956 F.2d 598, 602 n. 8 (6th Cir.1992) (Plaintiff lacked standing to challenge random drug testing policy because the rule was not in effect at the time a sample was requested from him.). Indeed, Plaintiffs' complaint seeks little more than an advisory opinion concerning any future use of the language from the pre–1994 ordinance. Advisory opinions are not available in federal court. *Hays v. City of Urbana, Ill.,* 104 F.3d 102, 104 (7th Cir.1997).

Plaintiffs also argue they should be allowed to amend their complaint to clarify that their claim is based on the illegal application of the pre–1994 ordinance to them. That ordinance was not applied to them because the citation was amended prior to prosecution. Thus, amendment would be futile.[3]

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' motion to amend judgment is hereby **DENIED.**

---

2. Nor have the Plaintiffs argued there was no probable cause for the arrests. Where there is probable cause for an arrest, there is no injury. *Gordon v. Degelmann,* 29 F.3d 295, 299–300 (7th Cir.1994) (citing *United States v. Hensley,* 469 U.S. 221, 231, 105 S.Ct. 675, 83 L.Ed.2d 604 (1985)).

3. The Court has noted the implication that unless the relief sought is granted, Plaintiffs will appeal this decision. The right to appeal from an adverse decision is a fundamental right of which Plaintiffs should avail themselves if that course is deemed prudent by their counsel.